IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff/Respondent, | § | |
| | § | |
| V. | § | CR. No. C-03-134(1) |
| | § | C.A. No. C-04-656 |
| ELEAZAR MONCIVAIS-CORDOBA, | § | |
| | § | |
| Defendant/Movant. | § | |

**MEMORANDUM OPINION AND ORDER DENYING
MOTION TO VACATE, SET ASIDE OR CORRECT SENTENCE,
AND ORDER DENYING CERTIFICATE OF APPEALABILITY**

Pending before the Court is Movant Eleazar Moncivais-Cordoba's ("Moncivais") motion to vacate, set aside or correct his sentence pursuant to 28 U.S.C. § 2255. (D.E. 45).[1] After seeking several extensions, the government filed a response and motion for dismissal. (D.E. 60, 61). Also pending before the Court are a number of additional motions filed by Moncivais, including a motion to proceed *in forma pauperis*, a motion for discovery and transcripts, a motion to amend his motion for discovery and transcripts, and a motion for extension of time to file a reply. (D.E. 46, 62, 63, 64).

For the reasons set forth herein, Moncivais' § 2255 motion is DENIED, and the Court also DENIES him a Certificate of Appealability. Additionally, Moncivais' remaining motions are DENIED, with the exception of his Motion to Amend, which is GRANTED.

_____

[1] Docket entries refer to the criminal case, Cr. No. C-03-134.

1

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. FACTUAL BACKGROUND AND PROCEEDINGS

### A. OFFENSE CONDUCT

On April 23, 2003, Moncivais drove into the Falfurrias, Texas Border Patrol checkpoint in a Freightliner truck. He identified himself to an agent as a resident alien from Mexico, and the agent waved him through the checkpoint after checking his resident alien card. As the defendant pulled away, a canine alerted to the truck. Two Border patrol agents immediately left to stop the truck. They caught up with Moncivais about three miles north of the checkpoint, and pulled him over. They asked for and received his permission to search the truck. He agreed to accompany them back to the checkpoint and the truck was escorted back to the secondary inspection lane.

While in the secondary inspection lane, the canine alerted to the crane counterweight in the trailer. Agents drilled through the counterweight and noticed an odor of marijuana. The agents then used a cutting torch to open the counterweight and discovered bundles of marijuana with a net weight of 445.2 kilograms.

Defendant was interviewed after waiving his right to have a lawyer present. He told the agents two men came to his business the day before and has asked if he was willing to take a piece of machinery to San Antonio, Texas. He agreed to take the load for a fee of $450. He conveyed to the agents that, on the date of the offense, the men came to his home

2

and took him to where the piece of machinery was located.  He followed the two men to an

intersection where the machinery was on another trailer and it was moved with a crane onto

his trailer.  The men gave him an address where the piece of machinery was to be delivered,

along with telephone numbers he could call in case anything happened.  He stated he was

to be paid upon delivery and denied knowledge of any marijuana in the counterweight.

**B.     CRIMINAL PROCEEDINGS**

On May 13, 2003, Moncivais was charged in a one count indictment with knowingly

and intentionally possessing with intent to distribute approximately 445 kilograms of

marijuana, in violation of 21 U.S.C. §§ 841(a)(1) and 841(b)(1)(B). (D.E. 1).  Moncivais'

case was tried to a jury, and, after a two-day trial, the jury returned a guilty verdict on July

31, 2003. (D.E. 29).

Sentencing occurred on October 28, 2003.  The Court found that Moncivais' base

offense level was 28, based on the jury's finding that he was guilty of knowingly possessing

with intent to distribute 445 kilograms of marijuana, in violation of 21 U.S.C. § 841(a)(1).

(See generally PSR at ¶¶ 10-19).  The Court did not adjust his offense level from the base

level.  The defendant did not have any criminal history points. (See PSR at ¶¶ 20-22).  His

offense level and criminal history category resulted in a guideline range for a term of

imprisonment of 78 to 97 months.  The Court sentenced Moncivais to serve 84 months in

the custody of the Bureau of Prisons, to be followed by a five-year term of supervised

release, and imposed a $1,000 fine and a $100 special assessment.  (D.E. 34).  Judgment

was entered on October 30, 2003. (D.E. 36).  Moncivais timely appealed (D.E. 37), but his appeal was subsequently dismissed for lack of prosecution.  (D.E. 38).  Moncivais timely filed the instant § 2255 motion on January 5, 2004. (D.E. 37).

### III.  <u>MOVANT'S ALLEGATIONS</u>

Moncivais' motion asserts a number of different grounds for relief, all of which are couched as ineffective assistance claims.  First, Moncivais argues that he was denied the effective assistance of his counsel, Alfredo Montelongo, because he informed his counsel that he wanted to plead guilty and asked him to obtain a plea agreement with the government, but Montelongo insisted that Moncivais proceed to trial.  In a related vein, he claims that his attorney promised him that he would prevail at trial.  He claims that he was prejudiced because he lost the opportunity to benefit from a three-level downward departure for acceptance of responsibility. (D.E. 45 at 7-9).

Second, Moncivais claims that Montelongo failed to properly investigate his case. In addition to a general claim that Montelongo failed to investigate, Moncivais asserts two specific areas where he believes Montelongo's investigation was deficient.  Specifically, he claims that: (1)Montelongo failed to interview numerous Border Patrol agents who were involved in his stop and interrogation at the checkpoint; and (2) although Moncivais gave him the names of the alleged owners of the crane he was hauling, Montelongo failed to investigate them, which would have verified Moncivais' declaration to the DEA agent who arrested him.  (D.E. 45 at 9-11).

Third, Moncivais argues that Montelongo failed to assist him on appeal, instead filing a motion to withdraw from representation. (D.E. 45 at 11).[2]  Finally, he asks that he be given an evidentiary hearing to resolve his claims. (D.E. 45 at 13-14).  As discussed in more detail below, Moncivais' allegations do not entitle him to relief, nor is an evidentiary hearing necessary to resolve them.

As part of its answer and motion to dismiss, the government filed an affidavit from Montelongo.  See D.E. 60 at Exhibit A.  In his affidavit, Montelongo responds to the allegations Moncivais makes.  First, Montelongo avers that Moncivais never told him to secure a plea agreement or that Defendant wanted to plead guilty.  Despite this, on the eve of trial, Montelongo states that he again approached the prosecutor about a possible plea. The prosecutor responded that he would offer to dismiss the case on the condition that Moncivais pass a lie-detector test.  The offer was relayed to Moncivais outside the courtroom while in the company of his wife.  At that time, Moncivais told his attorney that he would not take the test as he would not pass it. Montelongo then states that he told Moncivais his options were to plead to the indictment or go to trial.  Moncivais advised that he wanted to go to trial.

Concerning Montelongo's alleged failures to investigate, he claims that he thoroughly interviewed Defendant, and that the only information Defendant provided for the two

---

[2]  In fact, Montelongo never filed a motion to withdraw in this Court.  He was never listed as counsel in Moncivais' pro se appeal, so he never moved to withdraw in that court, either.

5

supposed owners of the crane were their first names and no other contact information.

Finally, in response to Moncivais' allegation that Montelongo failed to represent him on appeal, Montelongo states that he was not retained to handle an appeal. He further avers and that he told Moncivais that he should request a court-appointed attorney to do his appeal, advised him of the procedures for getting one, and also advised Moncivais' family of same. Montelongo states, however, that he did file a *pro se* notice of appeal on behalf of Montelongo, but "again advised him to retain his own appellate counsel or request a court appointed appellate counsel."[3] He "further advised defendant's family and provided them with the information to secure a court appointed attorney for [his] appeal and the phone numbers to the U.S. District Clerk's office." (Id.).

## IV. <u>ANALYSIS</u>

### A.    28 U.S.C. § 2255

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside or correct his sentence: (1) constitutional issues, (2) challenges to the district court's jurisdiction to impose the sentence, (3) challenges to the length of a sentence in excess of the statutory maximum, and (4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; <u>United States v. Placente</u>, 81 F.3d 555, 558 (5th Cir.

---

[3] The notice of appeal is slightly confusing as to whether or not Moncivais is represented. It is signed by Moncivais, and the address block contains Moncivais' address and the notation "pro se." In the text of the notice, however, it states that he is proceeding "by and through counsel." The Fifth Circuit's docket sheet in his direct appeal reflects that he was proceeding on appeal *pro se*. (<u>See generally</u> docket sheet in <u>United States v. Moncivais-Cordoba</u>, No. 03-41553 (5th Cir.)

1996).  "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal and would, if condoned, result in a complete miscarriage of justice."  United States v. Vaughn, 955 F.2d 367, 368 (5th Cir. 1992).

**B.**     **Ineffective Assistance of Counsel**

As noted, Moncivais' claims are couched as ineffective assistance claims.  Such allegations presented in a § 2255 motion are properly analyzed under the two-prong analysis set forth in Strickland v. Washington, 466 U.S. 668, 104 S. Ct. 2052 (1984).  United States v. Willis, 273 F.3d 592, 598 (5th Cir. 2001).  To prevail on a claim of ineffective assistance of counsel, a movant must demonstrate that his counsel's performance was both deficient and prejudicial.  Id.  This means that a movant must show that counsel's performance was outside the broad range of what is considered reasonable assistance and that this deficient performance led to an unfair and unreliable conviction and sentence. United States v. Dovalina, 262 F.3d 472, 474-75 (5th Cir. 2001).  If the movant fails to prove one prong, it is not necessary to analyze the other.  Armstead v. Scott, 37 F.3d 202, 210 (5th Cir. 1994), cert. denied, 514 U.S. 1071, 115 S. Ct. 1709 (1995)("A court need not address both components of the inquiry if the defendant makes an insufficient showing on one"); Carter v. Johnson, 131 F.3d 452, 463 (5th Cir. 1997)("Failure to prove either deficient performance or actual prejudice is fatal to an ineffective assistance claim.").

Moncivais claims that his counsel was ineffective on a number of different grounds,

7

and the Court addresses the grounds in the order in which Moncivais raised them.

###   1.  Counsel's alleged failure to negotiate a plea bargain

In his first ground for relief, Moncivais contends that his counsel was ineffective for failing to negotiate a plea bargain and for insisting that Moncivais proceed to trial.  This contention is without merit.  There is no constitutional right to a plea bargain; rather, the prosecutor has the discretion either to bargain or to go to trial.  United States v. Lopez, 979 F.2d 1024, 1036 (5th Cir. 1992)(citing United States v. Rankin, 572 F.2d 503 (5th Cir.), cert. denied, 439 U.S. 979 (1978)).  Failure to obtain a plea bargain, therefore, is not grounds for an ineffective assistance claim.

Moreover, Moncivais has not shown that he would have accepted any plea bargain offered, or consequently, that he has suffered any prejudice as a result of counsel's alleged failure.  To the contrary, Moncivais pleaded not guilty in open court at his arraignment. (Arraignment Transcript at 5).   After his trial, at his sentencing, he told the Court that he was satisfied with his attorney's services.  (Sentencing Transcript at 4).  Moncivais offers nothing more than bare assertions that he would have pleaded guilty.  His  general statements  stand in stark contrast to the specific and detailed evidence presented by Montelongo in his sworn affidavit.

Indeed, the only evidence before the Court concerning a proposed plea bargain comes from Montelongo.  Montelongo explains that he conveyed the offered plea to Moncivais, which required him to pass a lie detector test in exchange for a dismissal of the

8

case, and Moncivais refused to accept the plea but stated that he wanted to go to trial. There is simply no evidence in the record to support any belated assertion that Moncivais wanted to take the lie detector test.  Nor is there any evidence to show that there was ever any other plea agreement offered by the government.  Given the dearth of evidence to support Moncivais' claim that he would have pleaded guilty, but for his counsel's insistence that he proceed to trial, his claim fails.

The allegation that Montelongo guaranteed Moncivais he would prevail at trial is likewise infirm.  Understandably, Montelongo denies having made any such promises to Moncivais.  Indeed, it is very difficult to conceive of a lawyer promising his client that a jury trial would result in a verdict in his favor.  The outcomes of trials are unpredictable, and rely on the decision of a jury of peers.  Because of this, and because every criminal defendant knows this, it is equally difficult to conceive of a client who would believe such a "promise."

The alleged promise made here is analogous in many respects to a lawyer allegedly promising a defendant a specific sentence.  If a § 2255 movant claims that he was promised a specific sentence, in the face of his inconsistent statements under oath, his claim goes forward only under narrow circumstances. See United States v. Cervantes, 132 F.3d 1106, 1110 (5th Cir. 1998).  Specifically, a defendant may seek habeas relief on the basis of alleged promises, even though inconsistent with his representations in open court, by proving: (1) the exact terms of the alleged promise; (2) exactly when, where, and by whom

the promise was made; and (3) the precise identity of an eyewitness to the promise. 132 F.3d at 1110.  A defendant is entitled to an evidentiary hearing on the issue if he can produce evidence showing the merit of his allegations, typically in the form of an affidavit from a reliable third party.  Id.

The Court believes it likely that the Fifth Circuit would require similar types of proof to support an assertion that an attorney promised a favorable outcome at trial. Moncivais has not presented any evidence showing the merit of his allegations, and thus would be unable to obtain relief even under a Cervantes-like exception.

For the foregoing reasons, Moncivais' ineffective assistance claim arising from his decision to proceed to trial fails.

### 2.  Counsel's alleged failure to adequately investigate

In his second ground for relief, Moncivais alleges a failure to investigate on the part of his counsel.  "A defendant who alleges a failure to investigate on the part of his counsel must allege with specificity what the investigation would have revealed and how it would have altered the outcome of the trial."  United States v. Green, 882 F.2d 999, 1003 (5th Cir. 1989).

Moncivais identifies what he believes Montelongo should have done as further investigation (i.e., interview the border patrol agents and contact and investigate the alleged owners of the marijuana).  He does not, however, allege with any specificity either what the

investigation would have revealed or how it would have altered the outcome of the trial.[4]
See Green, 882 F.2d at 1003.  Notably, there is no presumption of prejudice based on a failure to investigate.  Woodard v. Collins, 898 F.2d 1027, 1029 (5th Cir. 1990).  Because Moncivais has not raised any specific facts that would show prejudice as a result of counsel's alleged failure to investigate, his claim fails.

### 3.      Failure to raise issues on appeal

The Court finds no merit in Moncivais' contention that he was denied effective assistance of counsel on appeal.  Montelongo avers that he assisted Moncivais in filing his *pro se* notice of appeal.  The appeal was signed by Moncivais only, however, not by Montelongo, and was treated at all times by the Fifth Circuit as a *pro se* notice of appeal. Moreover, according to Montelongo's uncontradicted testimony, he informed Moncivais of the various steps necessary to continue with his appeal, and informed him of his right to seek counsel on appeal.  It was within Moncivais' power to prosecute the appeal or to seek counsel to assist him.  He did neither.  This failure cannot be attributed to counsel.

Montelongo could have moved to withdraw in this Court, and, had he done so, it would have made a cleaner record for disposition of the instant motion.  Nonetheless, there is nothing in the record that supports Moncivais' claim that his counsel's actions deprived him of his right to appeal.  His *pro se* notice of appeal was timely filed; it was Moncivais

---

[4]  Moreover, he does not contradict Montelongo's claim that he never provided Montelongo with contact information for the alleged owners of the drugs.

11

that failed to pursue his appeal.

Moreover, even if his counsel had prosecuted the appeal, Moncivais has not identified how the outcome of his appeal would have resulted in reversal. Moncivais argues that there was insufficient evidence to prove he knowingly possessed the marijuana he was charged with, but that finding, made by the jury, found sufficient support in the record. There is simply nothing before the Court that would allow it to conclude that a fully-briefed appeal had a reasonable probability of being successful.[5] Accordingly, his motion on this ground fails because he cannot show prejudice.

## C.   Evidentiary Hearing

Moncivais also requests an evidentiary hearing to resolve his § 2255 motion. An evidentiary hearing may be held in § 2255 proceedings if the district judge determines that it is warranted. RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURT 8(a). Based on the record before it, the Court is convinced that an evidentiary hearing is unnecessary. Where, as here, the record is clearly adequate to dispose fairly of the movant's allegations, the court need inquire no further. United States v. Smith, 915 F.2d 959, 964 (5th Cir. 1990). Because Moncivais' motion and the record in this case are clearly adequate to dispose of his allegations, there is no need for an evidentiary

---

[5] A defendant who claims that he was deprived of his appeal altogether due to a failure to file a notice of appeal need not make any specific showing of prejudice. Roe v. Flores-Ortega, 528 U.S. 470, 483 (2000). Here, however, defendant is claiming that his counsel failed to adequately represent him on appeal. As an initial matter, and as explained in the text of this order, his counsel was not representing him on appeal; his notice was filed *pro se*. Moreover, any claim of ineffective assistance of counsel on appeal due to a failure to adequately brief issues or develop the record would require a showing of prejudice. Id. at 481-82.

hearing.

**D.      Additional Motions**

      **1.      Motion to proceed *in forma pauperis***

Moncivais' motion to proceed *in forma pauperis* in these proceedings is unnecessary.  For purposes of filing fees, a motion filed under § 2255 is essentially a continuation of the defendant's criminal case.   See United States v. Cole, 101 F.3d 1076 (5th Cir. 1996) (characterizing § 2255 motions and indicating that it was not a civil action for purposes of the Prison Litigation Reform Act).  In this district, no filing fee is required to file such a motion.  Accordingly, there is no need for *in forma pauperis* status in this matter.  For the reasons set forth above, Moncivais' motion for *in forma pauperis* status is DENIED.  If he appeals from the denial of his § 2255 motion and wants to proceed on appeal *in forma pauperis*, he should file an appropriate and complete application at the time of his appeal.

      **2.      Remaining motions**

As noted, Moncivais has also filed a motion for discovery, a motion for transcripts at government expense, a motion to amend his motion for discovery, and a motion for extension of time to file a reply.  In his motion to amend, Moncivais explains that he no longer seeks certain transcripts requested in his original motion for discovery.  The motion to amend (D.E. 63) is GRANTED.

The "discovery" sought by Moncivais is not "discovery" in the traditional sense.

Rather, he asserts that a fellow inmate assisting him in his § 2255 motion had been released and took all of his legal documents with him.   He requests copies of the sentencing transcript and a copy of his § 2255 motion.  As an initial matter, the Court does not find that discovery is warranted in this case, nor does the Court believe Moncivais is entitled to free copies of the transcripts in this case. Cf. RULES GOVERNING SECTION 2255 PROCEEDINGS FOR THE UNITED STATES DISTRICT COURTS, Rule 6 (allowing a district judge to order discovery in § 2255 proceedings for good cause shown); 28 U.S.C. § 753(f)(setting forth standards for obtaining free transcripts).  The sentencing transcript is not necessary to decide any of the issues in this suit, particularly since Moncivais does not raise any claims related to his sentencing.

In a similar vein, Moncivais has had ample time to file a reply but has failed to do so.   He sought an extension so that he could file a reply after receiving the additional materials he requested from the Court. In light of the Court's denial of his entitlement to those materials, and in light of the Court's denial of his § 2255 motion herein, his motion for extension (D.E. 64) is DENIED AS MOOT.

## E.     Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A).  Although Moncivais has not yet filed a notice of appeal, this Court nonetheless addresses whether he would be entitled to a COA.  See Alexander v.

Johnson, 211 F.3d 895, 898 (5th Cir. 2000)(a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue...only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." Miller-El v. Cockrell, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. United States v. Jones, 287 F.3d 325, 329 (5th Cir. 2002)(relying upon Slack, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reasons would find it debatable whether the petition states a valid claim of the denial of a constitutional right ***and*** that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S.

at 484 (emphasis added).

The Court concludes that reasonable jurists could not debate the denial of Moncivais' § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed. <u>Miller-El</u>, 537 U.S. at 327 (citing <u>Slack</u>, 529 U.S. at 484). Accordingly, Moncivais is not entitled to a COA as to any of his claims.

## V.  <u>CONCLUSION</u>

For the foregoing reasons, the Court hereby GRANTS the government's motion to dismiss, DENIES Moncivais' motion under 28 U.S.C. § 2255 (D.E. 45), and DENIES Moncivais a Certificate of Appealability.  Additionally, Moncivais' motion to amend his motion seeking discovery (D.E. 63) is GRANTED.  His motions for leave to proceed *in forma pauperis*, and for discovery and transcripts (D.E. 42, 62) are DENIED.  Finally, his motion for extension of time to file a reply (D.E. 64) is DENIED.

It is so ORDERED this 2nd day of August, 2005.

_Hayden Head_
HAYDEN HEAD
CHIEF JUDGE